# In the United States Court of Federal Claims

No. 25-1884T
Filed: November 25, 2025
NOT FOR PUBLICATION

**DARNELL R. CARTER,**

        *Plaintiff,*

**v.**

**UNITED STATES,**

        *Defendant*.

**ORDER**

      The plaintiff, proceeding *pro se*, filed this action for a tax refund on November 3, 2025. The complaint was docketed on November 5, 2025. The plaintiff also sought leave to proceed *in forma pauperis*. On November 6, 2025, the motion to for leave to proceed *in forma pauperis* was granted, but the plaintiff was also ordered to show cause by December 8, 2025, why the complaint should not be dismissed for lack of jurisdiction, because on its face the complaint failed to allege the prerequisites to a claim for a tax refund. On November 24, 2025, the clerk received from the plaintiff a motion to stay the response date pending resolution of a motion for a writ of prohibition filed in the Court of Appeals for the Federal Circuit on November 19, 2025. *In re Carter*, No. 2026-110 (Fed. Cir. Nov. 19, 2025).

      Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

      The plaintiff is proceeding *pro se*, and his complaint is given a more liberal construction than it would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding this liberal construction, a *pro se* plaintiff still bears the burden to demonstrate that the complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This burden

must be met by establishing by a preponderance of the evidence the existence of subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Instead, the Tucker Act limits this court's jurisdiction to causes of action based on separate money-mandating statutes and regulations. *Metz v. United States*, 466 F.3d 991, 995-98 (Fed. Cir. 2006).

Section 1346(a)(1) of 28 U.S.C. confers on the Court of Federal Claims jurisdiction, concurrent with the district courts, "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected. . . ."

Jurisdiction to consider claims for tax refunds is limited by 26 U.S.C. § 7422(a), which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

To sue to recover a tax refund, a "taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). For a court to have jurisdiction over a tax refund claim, the Code requires that a claimant first "duly file" an administrative claim with the IRS for a refund. 26 U.S.C. § 7422(a); s*ee United States v. Dalm*, 494 U.S. 596, 602 (1990). The requirement that an administrative claim be filed goes to jurisdiction; the adequacy of an administrative filing to support a claim goes to whether a claim is meritorious. *Dixon v. United States*, 67 F.4th 1156, 1161 1008, 1011-12 (Fed. Cir. 2023) (citing *Brown v. United States*, 22 F.4th 1008, 1011-12 (Fed. Cir. 2022)).

The applicable regulations require specify that for a claim to be "duly filed," it "[m[ust set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the [IRS] of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under penalties of perjury. A claim which does not comply

2

with this paragraph will not be considered for any purpose as a claim for refund . . . ." 26 C.F.R. § 301.6402-2(b)(1); *see Hall v. United States*, 148 Fed. Cl. 371, 377 (Fed. Cl. 2020). Compliance with this provision requires a party seeking a refund to provide the IRS with all necessary documents, such as W-s and 1099 forms, necessary to allow the IRS to resolve the claim. *See Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012). The requirement for specificity and documentation prevents frivolous claims. *Id.*

The order to show cause merely requires the plaintiff to demonstrate that jurisdiction exists over his claim before the defendant is obligated to respond. The plaintiff's reliance on the *Twombley/Iqbal* standards is misplaced. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Under those cases, a complaint must only present a plausible claim on the merits to avoid dismissal, but those cases do not address potential dismissal for lack of jurisdiction.

A stay is not necessary. The plaintiff shall file a response to the order to show cause by December 8, 2025. If he fails to do so, his complaint will be dismissed, and he may appeal directly to the Court of Appeals from that final judgment and receive an adjudication on his pending motion before the Court of Appeals.

Accordingly, the motion for a stay pending resolution of the petition in the Court of Appeals for a writ of prohibition is **DENIED**. The response to the order to show cause remains due by **December 8, 2025**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**