# In the United States Court of Federal Claims

No. 25-1884
Filed: December 16, 2025
NOT FOR PUBLICATION

| |
|---|
| DARNELL R. CARTER, |
|     *Plaintiff,* |
| v. |
| UNITED STATES, |
|     *Defendant.* |

**ORDER**

The plaintiff, proceeding *pro se*, filed this action against the defendant on November 3, 2025; the case was docketed on November 5, 2025. The plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). The motion for leave to proceed IFP was granted on November 6, 2025.

The complaint alleges that the plaintiff is a banker. In his application for leave to proceed IFP, however, the plaintiff noted that he is unemployed, receives no income aside from veterans' benefits, and has not worked since 2013. The complaint alleges that for tax years 2023 and 2025, the plaintiff remitted checks and instruments totaling $58,921,200.00 to the Internal Revenue Service ("IRS"). The plaintiff alleges that the IRS received these checks but did not properly account for or process them. The plaintiff seeks an order compelling the IRS to process the checks, apply the remittances to the plaintiff's taxpayer accounts for the tax years of 2023 and 2025, and return any unused funds to the plaintiff.

"Jurisdiction is power to declare the law" or "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94-95 (1998) (emphasis omitted). Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972). Even proceeding *pro se*, however, the plaintiff still bears the burden to demonstrate that the complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This burden must be met by establishing by a preponderance of the evidence the existence of subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The order to show cause explained that before the Court of Federal Claims can consider a claim for a tax refund, a plaintiff must comply with the process established in the Internal Revenue Code and satisfy specific jurisdictional prerequisites. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). First, a plaintiff must have fully paid any tax deficiencies. *See Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993). Second, under 26 U.S.C. § 7422 (a), "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed." *See Gregory v. United States*, 149 Fed. Cl. 719, 722 (2020). "In order to be 'duly filed,' a taxpayer must file an administrative claim for refund or credit within the time limitations of [26 U.S.C.] § 6511(a)." *Doyle v. United States*, 88 Fed. Cl. 314, 319 (2009) (citing *United States v. Dalm*, 494 U.S. 596, 601-02 (1990)). Section 6511(a) of the Internal Revenue Code establishes that the limitation period for a claim for a "credit or refund . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." Third, a plaintiff must wait at least six months after filing a refund claim with the IRS before filing suit. 26 U.S.C. § 6532(a)(1).

To sue to recover a tax refund, a "taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). For a court to have jurisdiction over a tax refund claim, the Code requires that a claimant first "duly file" an administrative claim with the IRS for a refund. 26 U.S.C. § 7422(a); s*ee United States v. Dalm*, 494 U.S. 596, 602 (1990). The requirement that an administrative claim be filed goes to jurisdiction; the adequacy of an administrative filing to support a claim goes to whether a claim is meritorious. *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *Brown v. United States*, 22 F.4th 1008, 1011-12 (Fed. Cir. 2022)).

The applicable regulations specify that for a claim to be "duly filed," it "[m]ust set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the [IRS] of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund . . . ." 26 C.F.R. § 301.6402-2(b)(1); *see Hall v. United States*, 148 Fed. Cl. 371, 377 (Fed. Cl. 2020). Compliance with this provision requires a party seeking a refund to provide the IRS with all necessary documents, such as W-2s and 1099 forms, necessary to allow the IRS to resolve the claim. *See Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012). The requirement for specificity and documentation prevents frivolous claims. *Id*.

The complaint attached no exhibits to reflect that the plaintiff satisfied these jurisdictional prerequisites to file a tax-refund suit. The plaintiff alleges that he remitted checks and instruments to the IRS, which did not process them. In effect, the plaintiff acknowledges that while he attempted to pay the IRS $58,921,200.00, he has not done so because the IRS has not processed those payments. Thus, as alleged in the complaint, the plaintiff has not suffered

monetary damages. Indeed, this jurisdictional shortcoming is evinced by the relief sought, which is initially an injunction requiring the IRS to process the instruments tendered by the plaintiff. The Court of Federal Claims generally lacks jurisdiction to order equitable relief, like an injunction, unless it is incidental to an award of monetary damages, in claims brought under 28 U.S.C. § 1491(a). *E.g., Burmaster v. United States*, 744 F. App'x 699, 702 (Fed. Cir. 2018) (quoting *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998)).

Due to the facial jurisdictional shortcomings of the complaint, on November 6, 2025, the plaintiff was ordered to show cause by December 8, 2025, why his complaint should not be dismissed for lack of jurisdiction. The order to show cause simply required the plaintiff to show that he has satisfied the jurisdictional prerequisites to a suit for a tax refund. The order to show cause explained that before the court can entertain the plaintiff's claim for a tax refund, the plaintiff must show that he (1) fully paid any tax deficiencies; (2) duly filed a claim for refund; and (3) waited at least six months after filing a refund claim with the IRS before filing this suit. The plaintiff was also informed that even a *pro se* plaintiff must demonstrate that jurisdiction exists to consider his complaint.

The order to show cause informed the plaintiff that if he did not respond by December 8, 2025, his complaint would be dismissed without prejudice under Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC").

The plaintiff responded to the order to show cause by moving in the Court of Appeals for the Federal Circuit for a writ of prohibition. *In re Carter*, No. 2026-110 (Fed. Cir.). The plaintiff then sought a stay of the order to show cause in this court. That stay was denied, *Carter v. United States*, No. 25-1884T, 2025 WL 3281433 (Fed. Cl. Nov. 25, 2025), and the plaintiff then sought a stay of the return date of the order to show cause in the Federal Circuit. The plaintiff's motion for a stay pending resolution of his motion for a writ of prohibition was denied by a judge of the Federal Circuit on December 5, 2025, and the writ of prohibition was subsequently denied. *In re Carter*, No. 2026-110, 2025 WL 3561171 (Fed. Cir. Dec 12, 2025).

Although it is more than one week past the return date for the plaintiff to respond to the order to show cause, no response has been filed. As the plaintiff was advised in the order to show cause, the complaint is **DISMISSED** without prejudice under RCFC 41(b). In addition, the complaint and its supporting exhibit fail to show that the plaintiff has satisfied the jurisdictional prerequisites to pursue a claim for a tax refund. Thus, the complaint is also **DISMISSED** without prejudice for lack of jurisdiction under RCFC 12(b)(1) and 12(h)(3). The Clerk shall enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**